89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Uban OMERIGBO, Plaintiff-Appellant,
v.
McDONNELL DOUGLAS CORPORATION; Douglas Aircraft Co.; Bruce
Palmer; John Horvath, Defendants-Appellee.
 No. 95-55136.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided May 2, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE*, District Court Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff, an African American man, appeals from the district court's summary judgment for his former employer, defendant McDonnell Douglas Corp., on plaintiff's title VII claim that his layoff was racially motivated. We affirm.
 
 
 4
 We review the district court's grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.
 
 
 5
 On appeal, Omerigbo argues that defendants failed to produce sufficient evidence that they laid him off for other than impermissibly discriminatory reasons. However, defendants submitted a declaration from John Horvath stating that the economic downturn in the aircraft industry forced him to lay off employees, and Omerigbo was laid off because his project was likely to lose its funding and he was not more qualified than the employees in the remaining projects. Horvath also stated that he assigned Omerigbo to PACTS before he learned that the Air Force would probably cut off its funding.
 
 
 6
 Omerigbo contends that defendants failed to carry their responsive burden because they did not provide declarations from certain individuals corroborating Horvath's declaration, and because Horvath's declaration was neither sufficiently detailed nor credible. Omerigbo's contentions are without merit. By virtue of Horvath's declaration, defendants satisfied their responsive burden. The absence of dates, names and additional declarations are relevant only to Horvath's credibility. Attacks on credibility alone are insufficient to establish a genuine issue of fact with regard to pretext. See Wallis, 26 F.3d at 890. Similarly, Omerigbo's declaration contradicting Horvath's assertions is not in itself sufficient to raise a triable issue. If, by deposing Horvath, or through other available means of discovery, plaintiff could have produced specific evidence contradicting Horvath, he should have done so. Absent such a showing, plaintiff failed to uphold his burden under McDonnell Douglas.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3